## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| JORGE GONZALEZ, | ) |
| Plaintiff, | ) Case No. Click to type |
| v. | ) Hon. Judge Click to type |
| RICHELIEU FOODS, INC., | ) Magistrate Judge Click to type |
| Defendant. | ) |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Richelieu Foods, Inc. ("Richelieu") hereby removes the state court action entitled *Jorge Gonzalez, on behalf of himself and all other persons similarly situated, known and known v. Richelieu Foods, Inc.*, Case No.2020CH04468, filed in the Circuit Court of Cook County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Court has jurisdiction over this case under 28 U.S.C. §§ 1332(a) and 1332(d), on the grounds that: (1) complete diversity exists between all parties under § 1332(a), (2) minimal diversity exists under § 1332(d)(2)(A), (3) the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and (4) the amount in controversy exceeds the sum of $5,000,000 under the Class Action Fairness Act ("CAFA"). In support of removal, Richelieu states as follows:

### I. STATE COURT PROCEEDINGS

1. On June 5, 2020, Plaintiff Jorge Gonzalez ("Plaintiff") filed a complaint (the "Complaint") against Richelieu in the Circuit Court of Cook County bearing the case number 2020CH04468. A copy of the Complaint is attached as **Exhibit 1.**

2. The Complaint consists of three counts, each alleging violations of the Biometric Information Privacy Act, 740 ILCS 14/15.

3. Richelieu first received notice of the Complaint when Richelieu was served through its registered agent, CT Corporation, on June 25, 2020. A copy of such notice is attached as **Exhibit 2.**

4. No other pleadings or motions have been served on or by Richelieu in the state court action.

## II. GROUNDS FOR REMOVAL

5. This action is removable to this Court under 28 U.S.C § 1441(a) because it is "civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6. Federal original jurisdiction is proper under 28 U.S.C. § 1332(a) because the suit meets complete diversity and amount in controversy requirements: it is between "citizens of different States" and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

7. Federal original jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, codified in relevant part at 28 U.S.C. § 1332(d), federal subject matter jurisdiction exists over a putative class action if: (a) there are no fewer than 100 members in the proposed class; (b) there is "minimal diversity," which means that at least one class member (named or unnamed) must be a citizen of a state that is different than the state of citizenship of any defendant; and (c) the case involves an aggregate amount in controversy greater than the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6). The requirements for jurisdiction under CAFA are satisfied here.

### A. Diversity of Citizenship.

8. Plaintiff is a resident of the State of Illinois. Compl. ¶ 16. Plaintiff's alleged domicile is the State of Illinois. *See State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th

Cir. 1994) ("the place of residence is *prima facie* the domicile.") (emphasis in original). Plaintiff is therefore a citizen of Illinois for diversity of citizenship purposes.

9. Defendant, Richelieu Foods, Inc. is a corporation organized under the laws of the State of Delaware with its principal office in Braintree, Massachusetts. Compl. ¶¶ 17-18. Defendant is therefore a citizen of the States of Delaware and Massachusetts for diversity of citizenship purposes.

10. Therefore, because Plaintiff is a citizen of Illinois and Richelieu is not, complete diversity of citizenship exists under 28 U.S.C. § 1332(a), and minimal diversity is present under 28 U.S.C. § 1332(d)(2)(A). That satisfies 28 U.S.C. § 1332(a)'s statutory diversity of citizenship requirements. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants."). Furthermore, CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant. *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019) (citing 28 U.S.C. § 1332(d)(2)(A)). Therefore, diversity of citizenship is also satisfied under the requirements of CAFA.

**B.     The Amount in Controversy Exceeds $75,000.**

11. Plaintiff seeks, *inter alia*, liquidated damages for violations of the Biometric Information Privacy Act. *See e.g.,* Compl. ¶ 55.A.

12. Plaintiff claims that Richelieu violated the Biometric Information Privacy Act by capturing, collecting, and/or disclosing his biometric information, namely his fingerprint. Compl. ¶¶ 45-47, 60.

13. Plaintiff alleges that Richelieu captured, stored, and disclosed his fingerprint when he scanned his fingerprint to clock in and out of work. Compl. ¶¶ 24-25.

14. Plaintiff alleges that he was required to scan his fingerprints each time he started and finished working from February 2019 through May 2020. Compl. ¶¶ 3, 5.

15. Plaintiff alleges that he scanned his fingerprint to clock in and out of work at Richelieu from February 2019 through May 2020. Compl. ¶¶ 3, 24-25, 29.

16. Accordingly, the Complaint can plausibly be read to suggest that a violation occurred every time Plaintiff clocked in and out of work. *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (finding BIPA claims involving on biometric timeclocks can plausibly be read to suggest a violation allegedly occurred every time Plaintiff clocked in and out of work).

17. Plaintiff seeks *inter alia* money damages under Section 20(1)-(2) of the Biometric Information Privacy Act. *See* Compl. ¶ 55.A.

18. Section 20(2) of the Biometric Information Privacy Act provides for liquidated damages in the amount of $5,000 for each reckless violation. 740 ILCS 14/20(2).

19. Plaintiff claims that Richelieu's alleged violations of the Biometric Information Privacy Act were reckless. Compl. ¶ 55.

20. Therefore, the amount in controversy exceeds $75,000 because Plaintiff seeks a statutory penalty of $5,000 for "each violation" which Plaintiff alleges occurred each time Richelieu captured, collected and/or disclosed his fingerprint (Compl. ¶¶ 45-47, 60). Plaintiff alleges that Richelieu captured, collect and/or disclosed his fingerprint each time Plaintiff scanned his fingerprint. (Compl. ¶¶ 24-25).

21. Plaintiff would have only needed to scan his fingerprint sixteen times (*i.e.*, eight days of work) in the more than one year he allegedly worked for Richelieu. Accordingly, it is plausible that Plaintiff scanned his fingerprint more than sixteen times thereby exceeding the $75,000 threshold. *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (finding amount in controversy threshold met for removal of BIPA claim where plaintiff alleged she worked for defendant for more than thirty months and was required to scan her fingerprint each time she clocked in and out of work).

22. Accordingly, Richelieu has a "good faith, minimally reasonable belief" that the amount in controversy exceeds $75,000. *See Normand v. Orkin Exterminating Co., Inc.*, 193 F.3d 908, 910 (7th Cir. 1999); *see also Meridian Secs. Ins. Co. v. Sadowski* , 441 F.3d 536, 543 (7th Cir. 2006) ("Only if it is 'legally certain' that the recovery . . . will be less than the jurisdictional floor may the case be dismissed.").

23. Removal is therefore proper. *See Fernandez v. Kerry, Inc.,* No. 17 C 8971, 2020 WL 1820521, at *4 (N.D. Ill. Apr. 10, 2020) (finding removal of BIPA claims based on biometric timeclocks proper because plaintiffs have not shown it is legally impossible to recover an amount greater than $75,000); *Peatry*, 393 F. Supp.3d at 770 ("[B]ecause [plaintiff] has not shown that it is legally impossible for her to recover $5,000 per fingerprint scan, a position plaintiff should be loath to take in light of the undecided interpretation of BIPA's damages provision, the Court leaves that determination to another day. At this stage, such recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provisions.")

    **C.**    **The Amount in Controversy Exceeds $5,000,000 and there are Substantially More than 100 Members in the Proposed Class.**

24. Plaintiff, along with the proposed class, seek, *inter alia*, liquidated damages for violations of the Biometric Information Privacy Act. *See e.g.,* Compl. ¶ 55.A.

25. Plaintiff claims that Richelieu violated the Biometric Information Privacy Act by capturing, collecting, and/or disclosing his biometric information, as well as the biometric information of the proposed class, namely their fingerprints. Compl. ¶¶ 29-30, 45-47, 60.

26. Plaintiff alleges that Richelieu captured, stored, and disclosed his fingerprint, along with those of the proposed class, when they scanned their fingerprints to clock in and out of work. Compl. ¶¶ 24-25, 29-30.

27. Plaintiff alleges that he seeks to represent a proposed class of Richelieu's workers who scanned their fingerprints in Richelieu's biometric time clock system each time they started and finished work between June 5, 2015 and the present. Compl. ¶¶ 3, 5, 29-30.

28. Accordingly, the Complaint can plausibly be read to suggest that a violation occurred every time a member of the proposed class clocked in and out of work. *Peatry*, 393 F. Supp. 3d at 769.

29. Plaintiff, on behalf of the proposed class, seeks *inter alia* money damages under Section 20(1)-(2) of the Biometric Information Privacy Act. *See* Compl. ¶ 55.A.

30. Section 20(2) of the Biometric Information Privacy Act provides for liquidated damages in the amount of $5,000 for each reckless violation. 740 ILCS 14/20(2).

31. Plaintiff claims that Richelieu's alleged violations of the Biometric Information Privacy Act were reckless. Compl. ¶ 55.

32. Therefore, the amount in controversy exceeds $5,000,000 because Plaintiff seeks a statutory penalty of $5,000 for "each violation" which Plaintiff alleges occurred each time Richelieu captured, collected and/or disclosed the fingerprints of the proposed class (Compl. ¶¶

29-30, 45-47, 60). Plaintiff alleges that Richelieu captured, collect and/or disclosed his fingerprint each time Plaintiff and the proposed class scanned their fingerprint. (Compl. ¶¶ 24-25, 29-30).

33. If the number of proposed class members were to be the minimum amount of 100 under CAFA, then each member of the proposed class would have only needed to scan their fingerprints just ten times (*i.e.*, five days of work). Accordingly, it is plausible that each member of the proposed class scanned their fingerprints more than ten times thereby exceeding the $5,000,000 threshold. *Peatry*, 393 F. Supp. 3d at 769 (finding amount in controversy threshold met for removal of BIPA claim where plaintiff alleged she worked for defendant for more than thirty months and was required to scan her fingerprint each time she clocked in and out of work).

34. Furthermore, Plaintiff alleges that the proposed class includes more than 50 members. Compl. ¶ 31. Given that Plaintiff defines the class as workers who scanned their fingerprints in Richelieu's biometric clock system in Illinois between June 5, 2015 and the present without first executing a written release, it is plausible that at least 100 workers scanned their fingerprints in Richelieu's biometric clock system over the previous 5 year span.

35. Accordingly, Richelieu has provided a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by evidence…" *Robinson v. Avanquest N. Am. Inc.*, No. 14 C 8015, 2015 WL 196343, at *3 (N.D. Ill. Jan. 13, 2015) (citing *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763–64 (7th Cir.2011); *see also Meridian Secs. Ins. Co. v. Sadowski* , 441 F.3d 536, 543 (7th Cir. 2006) ("Only if it is 'legally certain' that the recovery . . . will be less than the jurisdictional floor may the case be dismissed.").

36. Removal is therefore proper. *See Fernandez*, 2020 WL 1820521, at *4 (finding removal of BIPA claims based on biometric timeclocks proper because plaintiffs have not shown it is legally impossible to recover an amount greater than $75,000); *Peatry*, 393 F. Supp.3d at 770

("[B]ecause [plaintiff] has not shown that it is legally impossible for her to recover $5,000 per fingerprint scan, a position plaintiff should be loath to take in light of the undecided interpretation of BIPA's damages provision, the Court leaves that determination to another day. At this stage, such recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provisions.")

### III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

37. Richelieu first received copies of the Complaint no earlier than June 25, 2020. *Supra* ¶ 3. This removal is filed within 30 days after receipt of the Complaint. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b).

38. Richelieu is the only named-defendant therefore all defendant who have been properly joined and served consent removal is satisfaction of 28 U.S.C. § 1446(b)(2)(A).

39. The United States District Court for the Northern District of Illinois, Eastern Division, embraces the county in which the state court action is now pending (Cook County, Illinois). Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a).

40. Pursuant to 28 U.S.C. § 1446(d), Richelieu will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action currently is pending and will serve a copy of this notice on all parties to the removed action.

41. The attached Complaint and Summons are the only process, pleadings, and orders served upon Richelieu in the state court proceeding. *See* **Exs. 1 and 2.** Thus, pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Richelieu are attached to this Notice of Removal

\* \* \* \* \*

42. By filing this Notice of Removal, Richelieu does not waive, and hereby reserve, any right to assert objections and defenses to the Complaint, including but not limited to, all objections and defenses related to personal jurisdiction and venue.

WHEREFORE, Defendant Richelieu Foods, Inc. respectfully removes the state court action entitled *Jorge Gonzalez, on behalf of himself and all other persons similarly situated, known and known v. Richelieu Foods, Inc.*, Case No.2020CH04468, filed in the Circuit Court of Cook County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: July 24, 2020

Respectfully submitted,

/s/ *Michael Kozlowski*

Christopher J. Esbrook (ARDC No. 6282829)
Michael Kozlowski (ARDC No. 6320950)
ESBROOK LAW LLC
77 W. Wacker Drive Suite 4500
Chicago, Illinois 60601
(312) 319-7680
christopher.esbrook@esbrooklaw.com
michael.kozlowski@esbrooklaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Michael Kozlowski, an attorney, certify that on this date, July 24, 2020, I caused one copy of the attached Notice of Removal to be served via U.S. Mail, postage prepaid, and via e-mail from the address michael.kozlowski@esbrooklaw.com on the following counsel:

Zachary C. Flowerree
77 W. Washington Street Suite 1402
Chicago, IL 60602
zflowerree@flasalaw.com

/s/ *Michael Kozlowski*
Michael Kozlowski
Esbrook Law LLC