IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE GONZALEZ, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:20-cv-04354 ) ) Judge Thomas M. Durkin |
| v. | ) ) Magistrate Judge Heather K. McShain |
| RICHELIEU FOODS, INC., | ) ) |
| Defendant. | ) |

**FINAL APPROVAL ORDER**

This matter coming before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorney Fees, Litigation Costs, Settlement Administration Costs, and Service Award, the Court having reviewed and considered the motions, including all supporting documents, and the Court having conducted a telephone hearing on January 24, 2022,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement and accompanying Claim Form ("Notice") were distributed by the Settlement Administrator to Settlement Class Members, where possible, by direct mail, text message, and email. The Settlement Administrator also established a publicly-available settlement website with the Notice, settlement documents, a mechanism to submit electronic Claim Forms, answers to frequently asked questions, and avenues for Settlement Class Members to seek more information. The Notice and the methods of

distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. No Settlement Class Members submitted objections or excluded themselves from the Settlement.

4. The Court grants certification for settlement purposes of the following class:

All of Defendant's workers, including direct employees and temporary staffing agency workers, who, without first executing a written release, enrolled in or used a finger-scan timekeeping system while working for Defendant in Illinois between June 5, 2015 and preliminary approval, excluding Defendant's employees who are or were union members ("the Settlement Class" or "Settlement Class Members").

5. The Settlement Class meets all requirements for certification under Rule 23(a) and (b)(3) for the reasons explained in Plaintiff's Memorandum of Law in Support of His Unopposed Motion for Preliminary Approval of Class Action Settlement. In particular, the Settlement class satisfies the following Rule 23(a) requirements: (1) numerosity is satisfied because the Settlement Class includes 777 members; (2) commonality is satisfied because the central question in this lawsuit is whether Defendant collected, possessed, or disclosed workers' biometric data without following the requirements of the Biometric Information Privacy Act ("BIPA"); (3) typicality is satisfied because the claims of Plaintiff and the Settlement Class arise from Defendant's use of a biometric finger scan system for Illinois workers allegedly without following BIPA's notice and consent requirements; and (4) adequacy is satisfied because the Class Representative has an interest in the litigation and has no conflict with Settlement Class Members and because Settlement Class Counsel is experienced in class action litigation, including under BIPA, and has adequately represented the Settlement Class. Finally, the Settlement Class satisfies Rule 23(b)(3) because the following common question predominates: whether Defendant collected, possessed,

or disclosed Settlement Class Members' biometric data without following the requirements of BIPA.

6. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative's and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Fund of $876,750.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties, with the assistance of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who has significant experience representing parties in complex class actions, including those involving BIPA claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

8. The Court awards $14,278.00 to the Settlement Administrator, Analytics Consulting LLC, for its work administering the Settlement, which is payable from the Gross Fund as described in the Settlement Agreement.

9. The Settlement Administrator shall issue payments to all Settlement Class Participants from the Net Fund as described in the Settlement Agreement. The Settlement

Administrator shall treat as timely all valid claims received by December 31, 2021. Any claims received after December 31, 2021 are untimely and will not be paid.

10. The Court awards Settlement Class Counsel $284,991.00 in attorney fees and $5,772.28 in litigation costs, which are payable from the Gross Fund as described in the Settlement Agreement.

11. The Court awards Settlement Class Representative Jorge Gonzalez $7,500.00 as a Service Award, which is payable from the Gross Fund as described in the Settlement Agreement.

12. Funds from checks not cashed by Settlement Class Participants within the 150-day deadline shall be distributed to the Unclaimed Property Division of the Illinois Treasurer's Office.

13. This matter is dismissed without prejudice. The dismissal shall automatically convert to one with prejudice seven (7) days after Plaintiff files a declaration with the Court from the Settlement Administrator confirming that Defendant has fully funded the Gross Fund.

14. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Dated: January 24, 2022

_____
Thomas M. Durkin
United States District Judge